UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Harold Peterson,<br><br>         Plaintiff,<br> -v-<br><br>Conduit Laundry Inc.,<br>d/b/a Wash and Fold Super Laundry, and<br>Abraham Abdallah,<br><br>         Defendants. | Civ. Action #:<br><br>**Complaint**<br><br><br>**Jury Trial Demanded** |

  Plaintiff Harold Peterson ("Plaintiff" or "Peterson"), by Abdul Hassan Law Group, PLLC, his attorney, complaining of Defendants Conduit Laundry Inc., d/b/a Wash and Fold Super Laundry, and Abraham Abdallah (collectively "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week, (ii) entitled to unpaid minimum wages from Defendants for working and not being paid at a rate of at least the applicable New York State minimum wage rate for each hour he worked for defendants in a week; (iii) entitled to an extra hour of pay for each day he worked a spread of hours of more than ten (10) hours and (iv) is entitled to maximum liquidated damages and attorneys fees, pursuant to the New York Minimum Wage Act ("NYMWA"),

1

    N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover his unpaid wages, and wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, and compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 USC § 216(b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2202, 2201.

## THE PARTIES

7. Plaintiff Harold Peterson ("Plaintiff" or "Peterson") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

8. Upon information and belief and all times relevant herein, Defendant Conduit Laundry Inc., d/b/a Wash and Fold Super Laundry ("CLI") was a New York for-profit corporation.

9. Upon information and belief and at all times relevant herein, the corporate Defendant was owned/controlled/managed by Defendant Abraham Abdallah ("Abdallah") who was in charge of the operations and management of CLI.

10. Upon information and belief and at all times relevant herein, Defendants individually and/or jointly controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions.

11. Upon information and belief, Defendants CLI and Abdallah shared 4 or more place of business including in Queens County Kings county, New York at 219-03 North Conduit Avenue, Springfield Gardens, NY 11413, where Plaintiff was employed.

12. At all times relevant herein, Plaintiff was employed individually and/or jointly by Defendants.

## STATEMENT OF FACTS

13. Upon information and belief, and at all relevant times herein, Defendants were in the business of laundromat business in New York City. See https://washandfoldsuperlaundry.com/about-us/

14. Upon information and belief, and at all relevant times herein, Defendants, individually and/or jointly, owned and/or operated four or more locations and employed 15 or more employees.

15. Plaintiff was employed by Defendants, individually and/or jointly, from in March 2020 to in or around early August 2020.

16. At all times relevant herein, Plaintiff was individually and/or jointly employed by Defendants as a delivery person, unloading, handling, and lifting laundry throughout his workday.

17. At all times relevant herein, Plaintiff was paid at a rate of about $6.49-$9.09 an hour – a rate lower than the NYS applicable minimum wage rate for the entire period of his employment with Defendants.

18. At all times relevant herein, Plaintiff was paid at his straight regular rate for all hours worked including overtime hours (hours over 40 in a week).

19. At all times relevant herein, Plaintiff worked about 44-77 hours each week for Defendants and sometimes more; 11-12 or more hours a day, 4-7 days a week.

20. A more precise statement of the hours and wages may be made when Plaintiff Peterson obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendants were required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6 are incorporated herein by reference.

21. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times his regular rate of pay for all hours worked in excess of forty hours in a week.

22. At all times relevant herein, Plaintiff worked a spread of hours of more than 10 hours a day for each day during his employment with Defendants – Plaintiff worked 11 or more hours a day for each day during his employment with Defendants.

23. At all times relevant herein, neither Defendant provided Plaintiff with the notice(s) required by NYLL 195(1).

24. At all times relevant herein, neither Defendant provided Plaintiff with the statement(s) required by NYLL 195(3).

25. Upon information and belief, and at all times relevant herein, Defendants had revenues and/or transacted business in an amount exceeding $500,000 annually.

26. At all times applicable herein, Defendants conducted business with vendors and other businesses outside the State of New York.

27. At all times applicable herein and upon information and belief, Defendants conducted business in interstate commerce involving the purchase of washing machines, and other

essential supplies for its business.

28. Defendants as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

29. Defendants as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

30. At all times applicable herein and upon information and belief, Defendants transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

31. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail and telephone systems.

32. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters.

33. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

34. "Plaintiff" as used in this complaint refers to the named Plaintiff.

35. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## **AS AND FOR A FIRST CAUSE OF ACTION**
## **FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. - Unpaid Overtime**

36. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 35 above as if set forth fully and at length herein.

37. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA – 29 USC 201 et Seq.

38. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants, individually and/or jointly, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

39. At all times relevant herein, Defendants, individually and/or jointly, transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

40. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

## **Relief Demanded**

41. Due to Defendants' FLSA violations, plaintiff is entitled to recover from Defendants individually and/or jointly, his unpaid overtime compensation, maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
**NYLL 650 et Seq. and 12 NYCRR 142-2.2 etc. (Unpaid Overtime + Min. wages + SOH)**

42. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 40 above as if set forth fully and at length herein.

43. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142.

44. At all times relevant herein, Defendants, individually and/or jointly, <u>failed</u> and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work-week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

45. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff at a rate that was at least equal to the applicable New York State minimum wage rate for each hour worked in a week in violation of the New York minimum Wage Act and its implementing regulations. N.Y. Lab. Law§§ 650 et seq.; 12 NYCRR § 142-2.1.

46. At all times relevant herein, Plaintiff worked a spread of hours of more than ten (10) hours each day during the period he was employed by Defendants but Defendants failed to pay Plaintiff an additional hour of pay for each such day in violation of the New York Minimum Wage Act, New York Labor law § 650 et seq., including 12 NYCRR § 142-2.4.

## Relief Demanded

47. Due to defendants New York Labor Law violations, Plaintiff is entitled to recover from Defendants, his unpaid overtime, minimum wage and spread of hours compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1) and the regulations thereunder.

## AS AND FOR A THIRD CAUSE OF ACTION
## NYLL § 190, 191, 193, 195 and 198

48. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 48 above with the same force and effect as if fully set forth at length herein.

49. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

50. Defendants, individually and/or jointly, violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff his unpaid overtime wages, minimum wages, and spread of hours wages Plaintiff was entitled to within the time required by NYLL §§ 191, 193 and 198.

51. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing defendants to comply with NYLL 195(1).

52. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

## Relief Demanded

53. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendants, individually and/or jointly, his entire unpaid wages, including his unpaid overtime, minimum wages, spread of hours wages, maximum liquidated damages – including maximum liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL

195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

57. Declare Defendants, individually and/or jointly, to be in violation of the Plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder;

58. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

59. As to his **Second Cause of Action**, award Plaintiff his unpaid overtime wages, minimum wages, spread of hours wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, 2.1, 2.4, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

60. As to his **Third Cause of Action**, award Plaintiff all outstanding wages, including unpaid overtime wages, minimum wages, spread of hours wages, plus maximum liquidated damages - including maximum liquidated damages on all wages paid later than weekly, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing defendants to comply with NYLL 195(1) and NYLL 195(3).

61. Award Plaintiff prejudgment interest on all monies due;

62. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

9

63. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
       **August 27, 2020**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

  /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF